**Electronically Filed
Intermediate Court of Appeals
30567
12-DEC-2013
08:27 AM**

NO. 30567

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE PROTECTION OF THE PROPERTY OF
VIRGINIA LARKIN, An Incapacitated Person

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(GUARDIANSHIP NO. 05-1-0054)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Conservator-Appellant Michael J. Park (Park) appeals
from a May 25, 2010 First Circuit Probate Court (Probate Court)
Order Denying Conservator's Petition to Reconsider (1) Order
Granting Petition for Approval of First Interim Account Covering
Period from September 30, 2004 to September 10, 2007, and for
Entry of Judgment, (2) Order Granting Petition for Approval of
Second Interim Account Covering Period From January 30, 2008 to
January 29, 2009, and for Entry of Judgment, and (3) Order
Granting Petition for Approval of Final Account, Termination of
Conservatorship and Discharge of Conservator (Order Denying
Petition).[1] The Probate Court appointed the Master-Appellee

---

[1] The Honorable Colleen K. Hirai presided over Park's petitions for approval of first interim account, second interim account, and final account. Upon Judge Hirai's retirement effective December 31, 2009, the Honorable Derrick H.M. Chan presided over Park's petition to reconsider.

Park appeals from four orders and four judgments, but we have jurisdiction only over the order and judgment denying his petition to
(continued...)

Elizabeth H. Jackson (Master) to review Park's accounting as conservator of Protected Person Virginia Larkin (Larkin), and the Master filed two reports regarding Park's petitions for approval of accounting for three accounting periods, and requested a total of $16,313.46 in fees and costs.

On appeal,[2] Park maintains that the Probate Court erred by (1) failing to provide him with sufficient time to respond to the Master's consolidated report and request for fees, (2) awarding an unreasonable Master's fee, and (3) finding sufficient evidence to support the Master's unreasonable fee.

After reviewing the parties' arguments, record on appeal, and legal authorities, we affirm the Probate Court's judgment.

The Hawai'i Supreme Court has often stated:

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that

---

[1](...continued)

reconsider. Two of these orders and corresponding judgments, all filed on January 20, 2010, were not final orders or judgments and were thus not appealable. See Hawai'i Probate Rules (HPR) Rule 34 and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). The January 27, 2010 judgment on the order granting Park's petition for approval of final account, termination of the conservatorship, and discharge of the conservator is an appealable judgment pursuant to HPR Rule 34(c). However, Park did not file his notice of appeal within 30 days of that judgment as Hawai'i Rules of Appellate Procedure (HRAP) 4(a)(1) requires. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986). Therefore, this court does not have jurisdiction over these orders and judgments.

However, as the January 27, 2010 judgment was a final judgment, the May 25, 2010 order denying Park's HPR Rule 36(b) February 9, 2010 petition for reconsideration appears to be an appealable post-judgment order as it finally decided the matters raised in the petition. See Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003)("An order denying a motion for post-judgment relief under [Hawai'i Rules of Civil Procedure (HRCP) Rule] 60(b) is an appealable final order under HRS § 641(1)(a)."). It is to this order that we confine this decision.

[2] We note that both parties' briefs do not conform with HRAP Rule 32. Park's brief fails to provide a three-inch top margin on each initial page, resulting in the file mark obscuring part of the material in his briefs. HRAP Rule 32(a). The Master's brief does not conform with the requirement that briefs must be printed with no less than one and one-half line spacing except in headings, quotations, citations, indexes, footnotes, and appendices. HRAP Rule 32(b). Both counsel are warned that future violations of court rules may result in sanctions, including striking of the nonconforming briefs.

could not have been presented during the earlier adjudicated
motion. Reconsideration is not a device to relitigate old
matters or to raise arguments or evidence that could and
should have been brought during the earlier proceeding.

Sousaris v. Miller, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000)
(internal citations and quotation marks omitted).

The only new argument that Park advanced in support of
his petition[3] was that he "was not afforded a legitimate time in
which to prepare a proper response" to the Master's consolidated
report. However, this argument could and should have been made
by Park in his response to the Master's consolidated report.
Park advanced his argument that the Master's fees and costs were
excessive in his response to the Master's consolidated report.
The arguments raised in Park's petition for reconsideration are
matters which could and should have been raised in his
September 3, 2009 response to the Master's report or at the
September 4, 2009 hearing. Thus, we could affirm the Probate
Court's denial of Park's petition for reconsideration on this
basis alone.

---

[3] The court may grant relief under HPR Rule 36 (b). HPR Rule 36 (b)
provides, in relevant part:

> (b) *Mistakes; Inadvertence; Excusable Neglect; Newly
> Discovered Evidence; Fraud, Etc.* Upon petition and upon
> such terms as are just, the court may relieve an interested
> person from an order or judgment for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or
> > excusable neglect;
> >
> > (2) newly discovered evidence which by due
> > diligence could not have been discovered in time
> > before the order was issued;
> >
> > . . . or
> >
> > (6) any other reason justifying relief from the
> > operation of the order. . . . A petition under this
> > subdivision (b) does not affect the finality of an
> > order or suspend its operation.

The official commentary to HPR Rule 36 states, "This rule complies
substantially with HRCP [Rule] 60." HRCP Rule 60 is entitled "Relief from
judgment or order." HRCP Rule 60(b) is entitled "Mistakes; inadvertence;
excusable neglect; newly discovered evidence; fraud, etc."

Even if we consider the arguments Park raises on appeal, it does not appear that the Probate Court abused its discretion in denying Park's petition for reconsideration.

Initially, we conclude that Park waived his first argument, that he was not given enough time to respond to the Master's reports. Although the Master's reports were late, see HPR Rule 29 and HPR Rule 10, the record reflects that Park did receive the Master's reports prior to the hearing, and rather than object to their untimeliness[4] or move for a continuance, he chose instead to file a response to the reports, arguing, in the main, that the Master's fees were too high. HPR Rule 10(c)(5).

Nor can we agree with Park's second argument that the Probate Court abused its discretion in approving the Master's fees. The Hawaiʻi Supreme Court has stated:

> Pursuant to the Hawaiʻi Probate Rules, a court-appointed master "serve[s] as a representative of the court[,]" Hawaiʻi Probate Rules (HPR) Rule 28(a) (2004), whose role is to, "[u]nless otherwise ordered by the court, . . . review the operations of the fiduciary in light of the terms of the controlling document, as well as the financial transactions of the trust or estate." HPR Rule 29 (2004). Additionally, "the master shall submit a written report of the master's findings to the [probate] court and serve a copy on all interested persons." Id. It is in this capacity that the master essentially "serves as the eyes and ears of the court," id. cmt., and "shall be a person who has no conflict of interest with any party or issue in the proceeding." HPR Rule 28(a).

In re Estate of Damon, 119 Hawaiʻi 500, 506, 199 P.3d 89, 95 (2008).

> Regarding the Master's compensation and expenses:

> The court shall set the compensation of masters . . . and order the payment of such compensation from the assets of the trust or estate or, when appropriate, taxed in whole or in part to a party to the proceeding or to a party's attorney. In setting compensation, the court may consider the knowledge, skill, and expertise of the official; the difficulty of the assignment; the quality of the work performed; and the time spent by the official on the assignment. The court shall also order the reimbursement of the reasonable expenses and costs of the master . . . incurred in fulfilling the official's duties.

HPR Rule 31.

---

[4]   Park did note in his response that he was not "waiving the notice requirements of Rules 29 and 10(c) of the Hawaii Probate Rules" but made no further argument on this basis in his response.

Although not directly on point, <u>Hawaii Ventures, LLC v. Otaka, Inc.</u>, 114 Hawai'i 438, 164 P.3d 696 (2007) is helpful. In <u>Hawai'i Ventures</u>, the Hawai'i Supreme Court discussed whether a receiver was entitled to the awarded compensation. 114 Hawai'i at 489, 164 P.3d at 747. The court stated that "the amount of the [receiver's] award lies within the sound discretion of the circuit court."[5] <u>Hawai'i Ventures</u>, 114 Hawai'i at 490, 164 P.3d at 748. Similar to the award of fees to receivers, "[a]llowances of fees to masters . . . are largely discretionary with the trial judge." <u>Hawai'i Ventures</u>, 114 Hawai'i at 490, 164 P.3d at 748 (quoting 2 Clark, <u>A Treatise on the Law and Practice of Receivers</u> § 641(f) at 1089) (internal quotation marks and brackets omitted)).

Here, we do not agree that the Probate Court abused its discretion in determining that the Master's fee was reasonable in light of the factors set forth in HPR Rule 31. As the Master points out, the Probate Court paid much attention to the HPR Rule 31 factors as evidenced by its "personal revisions and initialing" of the orders approving the Master's fees. Even Jacob M. Merrill, attorney for Park (Merrill) recognized "the special expertise and qualifications of the Master" that would allow her to "come in to sort of straighten" out his mistakes in the accounting for Park.

The Master expressed the difficulty of her assignment to review Park's accounting. In the Master's report for the first accounting period, she stated:

> The Master had a very difficult time trying to understand the accounts, the inventory, and the several revisions to

---

[5]     The court explained:

> This is because the receiver acts under the authority of the court and is considered to be an officer of the court. The court supervises her, knows her circumstances, the services rendered by her, the amount of time she has expended, what is reasonable, and can judge the value of those services.

<u>Hawai'i Ventures</u>, 114 Hawai'i at 490, 164 P.3d at 748 (citation and brackets omitted).

those documents. Several entries in the accounts were not specific, figures did not match, totals were not accurate, and the numbers kept changing in the revisions and supplemental documents. Many deposits were not made in the months the checks were received, and likewise many payments do not correspond to the dates of service. In addition, some of the questions posed by the Master were answered with less than complete answers. It took months to get copies of requested bank statements, and those that were turned over to the Master often had the pages out of order or missing.

The Master further noted problems such as incorrect titling of the conservator's bank accounts, discrepancies with the beginning balances of the conservator's bank accounts, and multiple errors with the Inventory of Larkin's assets. After meeting with Park and Merrill, the Master decided that "it would save everyone a lot of time" if she prepared revised accounts because it was "clear that . . . neither [Park nor Merrill] would be able to easily revise the accounts so that they were accurate and readable."

In the Master's consolidated report, she again noted the deficiencies and errors in accounting, including incorrect dates for accounts, a one-year period missing from the accounts, insufficient detail to account entries, and incorrect outstanding debts and liabilities of the estate.

Despite the multitude of errors, the Master prepared complete revised accounts for each of the three accounting periods. The quality of her work is apparent in her detailed reports and accounting that she prepared from the inaccurate accounting of the conservator.

The Master set out the time spent in this case in her declaration. She attached detailed time entries to show how she expended about 75.20 hours reviewing and preparing her reports. The Master even discounted her time spent in this case by 20 hours, from 75.20 hours to 55.20 hours. Given all the circumstances, it does not appear the Probate Court abused its discretion when it determined the Master's fee request was reasonable.

Finally, we reject Park's argument that there was not substantial evidence supporting the Master's fees. The Probate

Court's award of the Master's fee can only be set aside if the court "bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." In re Estate of Damon, 119 Hawai'i at 503, 199 P.3d at 92 (citation and internal quotation marks omitted). Based on the record, we conclude that there was substantial evidence in support of the Master's fee request.

The record clearly evidences the amount of work required by the Master to identify and correct the errors in accounting committed by Park and Merrill. The Probate Court was in a unique position to fully understand the problems caused by Park and Merrill's accounting errors and omissions. In fact, the Probate Court afforded them the opportunity to explain their inconsistencies and errors and correct the accounting on their own, but to no avail. The court reminded Merrill that "[i]t's not the responsibility of the Master to file the accounting for the conservator."

Based on the multitude of errors in Park's accounting and the amount of time and effort required of the Master to accurately identify and correct those errors, each of which is documented in the Master's reports and supporting documents, we reject Park's challenge to the sufficiency of the evidence in support of the Master's fee award.

Therefore, the First Circuit Probate Court's May 25, 2010 Order Denying Conservator's Petition to Reconsider is affirmed.

DATED: Honolulu, Hawai'i, December 12, 2013.

On the briefs:

Jacob M. Merrill,
for Conservator-Appellant.

Elizabeth H. Jackson,
for Master-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7